UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONLIGHT,<br>    *Plaintiff*,<br><br>v.<br><br>SEBASTIAN J. MILARDO,<br>    Defendant. | )<br>)<br>)  3:21-CV-1628 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the court upon Defendant's Motion to Dismiss ("Motion"). *See* ECF No. 11. The court has reviewed the Motion, Plaintiff's opposition to the Motion ("Opposition"), *see* ECF No. 12, Defendant's reply brief, *see* ECF No. 13, and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the court grants the Motion.

**I.   BACKGROUND**

Plaintiff purports to be an Indiana trust with its "principal place of business in Connecticut." ECF No. 1 at 2. In the complaint, Plaintiff, by and through its trustee, "one called Alison-Lorraine," asserts that it was the sole title holder for a particular parcel of land in Deep River, Connecticut, which property became the subject of a foreclosure action. *Id.* at 1-3. The underlying foreclosure action was adjudicated by a Connecticut court, which ultimately found in favor of the bank that had initiated the action. *See* ECF No. 11-1 at 2. Ownership of the property reverted to said bank, and all occupants and personalty residing therein were ejected pursuant to the state court's order. *Id.* at 2-3. Plaintiff alleges, though, that it was never named in the foreclosure action, which was

1

instead brought against Alison L. Hatheway (also known as Alison Lorraine Hatheway, *see* ECF No. 1 at 8) and Daniel Hatheway, *see* ECF No. 11-1 at 2.  Thus, Plaintiff argues, the order for ejectment, which listed the Hatheways as the individuals in possession of the repossessed property, provided no legal basis upon which Defendant could have dispossessed Plaintiff of the real and personal property located on the Deep River parcel.[1]  *See* ECF No. 1 at 2.  Defendant represents, though, that the state court did adjudicate Plaintiff's claim to the property and found that it was not a valid trust, as it was not held for any beneficiary, and that Alison Hatheway was the true party in interest.  *See* ECF No. 11-1 at 4-5; *see also Bank of New York Mellon v. Hatheway,* No. HHBCV185024637S, 2019 WL 4858296, at *9 (Conn. Super. Ct. Sept. 9, 2019), aff'd, 205 Conn. App. 903, 251 A.3d 100 (2021).  Plaintiff now has brought several state law claims against Defendant (the state marshal who executed the ejectment order), pursuant to Section 49-22 of the General Statutes of Connecticut.  Plaintiff seeks declaratory relief and $3 million in damages.

In the Motion, Defendant asserts that the court lacks subject matter jurisdiction over this action because (1) Plaintiff lacks standing to bring this action, and (2) the *Rooker-Feldman* doctrine bars the court from adjudicating Plaintiff's claims.  With respect to the former argument, Defendant asserts that Plaintiff lacks standing because: (i) the state court in the underlying foreclosure action already determined that Plaintiff is not a valid trust, and therefore Plaintiff has no ability to sue under Connecticut law, (ii) Plaintiff

---

[1] At times in its Opposition, Plaintiff seems to argue that Defendant exceeded his authority under the ejectment order because he did not dispossess Plaintiff on the date listed in the notice sent to Plaintiff in advance of the ejectment.  That notice, though, only stated that all possessions must have been moved off the premises in question *by* the date noted therein.  *See* ECF No. 11-2 at 29.  This argument clearly is baseless and therefore will not be discussed.

2

purports to be a "non-statutory contract trust," and under Connecticut law, non-statutory trusts are common-law trusts, which are not legal entities with standing to sue, and (iii) Plaintiff is not the same trust which purported to be the sole titleholder of the Deep River property in the underlying foreclosure action, as the "Sonlight" which appeared in state court was a *Massachusetts* trust, and Plaintiff very clearly states it is an *Indiana* trust.

In response, Plaintiff clarifies that the instant action does not seek to reopen the foreclosure proceedings, but to litigate the lawfulness of Defendant's actions in ejecting it from the Deep River property, so the *Rooker-Feldman* doctrine is inapplicable. Plaintiff also seems to argue that (1) it was denied due process, such that any Article III court (including this one) ought to be able to hear its case, and (2) Plaintiff is a "Pure Contract Trust" which is "not subject to legislative control" but rather is protected only by the Constitution and common law, and which itself held the assets in question, so Ms. Hatheway was never the "true party in interest." Finally, Plaintiff also purports to "give[] jurisdiction to the [c]ourt" in this matter.

## II. LEGAL STANDARD

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is lacking. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011). Furthermore, an action must be dismissed where the facts alleged in the complaint are insufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court shall

accept as true all factual allegations in the complaint and draw all reasonable inferences in a plaintiff's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see also Ashcroft*, 556 U.S. at 684 (concluding that the *Twombly* pleading standard applies in "all civil actions").

### III.  DISCUSSION

Before reaching the parties' arguments, the court notes that it is unclear that Plaintiff has satisfied its burden of showing that this action properly is before this court. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) ("[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").  While the complaint avers that this action may proceed under diversity jurisdiction, the court notes that the Plaintiff is considered a citizen of all states in which its trustees reside, *see Raymond Loubier Irrevocable Tr. v. Loubier,* 858 F.3d 719, 722 (2d Cir. 2017) (finding that trusts derived from trust agreements that are not distinct legal entities have the citizenship of its trustees), but the complaint only lists the home state of one trustee, "one called Alison-Lorraine," despite also referring to at least one other trustee, "Charles Michael: la Mesa."  *See* ECF No. 1 at 1.  Therefore, it is not clear whether the parties are diverse from each other.  Furthermore, it is not clear that Plaintiff properly has initiated this action since Plaintiff purports to represent itself *pro se*, but a trust cannot represent itself.  *See Platt v. Michaan*, No. 19 CIV. 4234 (ER), 2021 WL 1573951, at *1

(S.D.N.Y. Apr. 22, 2021) (denying reconsideration of an order instructing a trust to retain counsel in order to continue litigating its claims), *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 302 (E.D.N.Y. 2009) (finding that the pro se plaintiff trustee was barred under federal law "from representing the [t]rusts herein because she is not a licensed attorney authorized to practice law in this court."). Therefore, Plaintiff, while claiming to be a trust, cannot bring suit without representation.

Moreover, the court finds that Plaintiff has failed to adequately rebut Defendant's arguments regarding its standing to sue. "Standing is an essential component of subject matter jurisdiction." *Gosain v. Texplas India Priv. Ltd.*, 393 F. Supp. 3d 368, 374 (S.D.N.Y. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff does not clearly address Defendants' argument that it is not the same trust which appeared in the foreclosure action, or even clarify that it is a different trust which, unlike the Massachusetts trust that appeared in the underlying foreclosure action, has a legitimate interest in the property at issue. This omission may be because it seems clear from the allegations in the complaint and subsequent briefings that Plaintiff is the same trust that appeared in the underlying foreclosure action,[2] but even so, Plaintiff does not clarify how it has standing to sue.

The court could grant the Motion for any of the foregoing reasons. Those deficiencies could be cured, however, and it is clear upon thorough review of the record that there are larger, insurmountable obstacles to federal review of this case, and

---

[2] Despite the confusion of whether Plaintiff was created under the laws of Massachusetts or Indiana, the Opposition states that "the trial court stated that SONLIGHT is not a legal entity under THE STATE OF CONNECTICUT statutory scheme," which impliedly concedes that Plaintiff is the entity that appeared in the underlying action.

5

therefore, in the interest of judicial economy, the court will address those issues here as well.

At bottom, this case is about who owned the Deep River property at the time it was foreclosed upon. Defendant argues, convincingly, that this action is merely an attempt to relitigate issues presented in the foreclosure action. And although Plaintiff attempts to couch its claims more narrowly as recourse against Defendant for unlawfully dispossessing it of real and personal property, the obvious preliminary determination this court would need to make to adjudicate that claim is whether Plaintiff in fact was the sole titleholder of the property in question. This question, however, has already been litigated and adjudicated by the state court in the underlying foreclosure action, and may not be relitigated in this federal forum.

The *Rooker-Feldman* doctrine bars federal district courts from hearing appeals from state-court judgments. *Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 540 (E.D.N.Y. 2013), aff'd, 560 F. App'x 6 (2d Cir. 2014) (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir.2005)). It is intended to have narrow application, though. *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Second Circuit has limited the applicability of the doctrine to cases that satisfy four criteria: (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by the state-court judgment, (3) the plaintiff must invite the district court to review and reject that state-court judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

Here, it is clear that each of these elements has been satisfied.  Plaintiff did lose in state court, since the state court determined that it had no lawful property interest in the Deep River parcel.  The injury Plaintiff complains of, that is, the ejectment from the property, was caused by the state court's determination that Plaintiff had no legal interest in the property, and that the bank could lawfully repossess the property and eject the persons and personal property residing there.  Plaintiff necessarily invites the court to review and reject that judgment because the conduct Plaintiff complains of is Defendant's execution of an ejectment order issued by the state court in accordance with its judgment regarding the foreclosure.  And finally, the complaint makes clear that the foreclosure and the ejectment occurred in 2018, well before this action was initiated in 2021.  Therefore, it is clear that the *Rooker-Feldman* doctrine applies in this case, and that a federal district court does not have subject matter jurisdiction over Plaintiff's claims.

Even if the court generously were to construe Plaintiff's Opposition to state that its claims are saved from *Rooker-Feldman* because only Defendant's conduct in executing the ejectment is at issue (and not the state court's ruling), the instant motion still would hinge on whether Plaintiff has sole title to the property at issue.  Although the exact contours of Plaintiff's argument are not clear, at times Plaintiff appears to allege that its claim arises only from the ejectment insofar as Plaintiff informed Defendant prior to the ejectment that it was the rightful titleholder to the property and to all personalty thereon, and that executing the ejectment would constitute a crime, but that Defendant nevertheless executed the order for ejectment, despite having actual notice that the property was not subject to ejectment.  Even if the court were to find such a claim cognizable and not an invitation to review and to reject the state court's judgment (such

7

that *Rooker-Feldman* could not apply), the court still would find it appropriate to dismiss this action because the doctrine of issue preclusion would prevent the court from making the necessary determination of lawful ownership of the property in question.

Issue preclusion, or collateral estoppel, prevents a party from relitigating an issue of law or fact that necessarily already was determined by a court of competent jurisdiction in a prior action. *See Rivera v. Doe*, No. 3:09-CV-00007 CSH, 2011 WL 1134221, at *5 (D. Conn. Mar. 24, 2011). Another four-part test is used to determine whether issue preclusion applies: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (quoting *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir.1998)). Here, even the narrowest of claims Plaintiff conceivably could assert would require the court to determine whether Plaintiff was the sole titleholder to the Deep River property. This exact issue was raised in the underlying foreclosure action; it was litigated and decided, Plaintiff had a full and fair opportunity to litigate its claim to the property, and the state court needed to resolve the issue in order to resolve the merits of the foreclosure action as a whole. This case clearly presents the same claim of legal title that Plaintiff presented in the underlying foreclosure action. Plaintiff may not relitigate the issue of ownership under the guise of a subsequent injury.

Finally, the court notes that although Plaintiff invokes the Declaratory Judgment Act in its complaint, "the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for subject matter jurisdiction in the district courts." *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion to Dismiss (ECF No. 11) is **GRANTED**;

2. This action hereby is **DISMISSED** for lack of subject matter jurisdiction; and

3. The court respectfully requests the Clerk of Court to **CLOSE** this case.

   **SO ORDERED** in Hartford, Connecticut, this 19th day of August, 2022.

                                                   _____/s/_____
                                                   OMAR A. WILLIAMS
                                                   UNITED STATES DISTRICT JUDGE